**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4827**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JADONAVAN O'BRYANT JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:12-cr-00425-CCE-1)

Submitted:  April 30, 2018                                  Decided:  May 23, 2018

Before MOTZ and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jadonavan Johnson appeals the 110-month sentence imposed at resentencing following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012). On appeal, Johnson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the sentence is substantively reasonable. Johnson filed a pro se brief arguing that he should have received credit for time served on an expired state term of imprisonment and that North Carolina common law robbery convictions should not have been counted separately to enhance his sentence. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). In evaluating the district court's Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. White*, 771 F.3d 225, 235 (4th Cir. 2014).

If we find no procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence

imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. *See* 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Johnson bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Johnson received an enhanced base offense level based on the sentencing court's finding that he committed his underlying federal offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2016); *see* USSG § 4B1.2(a) (defining "crime of violence"). As predicate crimes of violence for the enhancement, the court relied upon two North Carolina convictions for common law robbery.

In light of recent authority and revision to the Sentencing Guidelines in 2016, we conclude that there was no procedural error in calculating the sentence. *See United States v. Gattis*, 877 F.3d 150, 152 (4th Cir. 2017) (a "North Carolina common law robbery conviction categorically qualifie[s] as a felony conviction for a crime of violence, as provided in [USSG] § 2K2.1(a)(4)(A) and defined in [USSG] § 4B1.2(a)", *cert. denied*, No. 17-8044, 2018 WL 1278447 (U.S. Apr. 16, 2018); USSG § 4B1.2(a) (enumerating robbery as a crime of violence). Thus, we find no error in Johnson's enhanced base offense level.

Johnson's pro se informal brief seeks credit for time served on an expired state sentence. He also contends that the sentencing court erred in counting 2008 and 2010

common law robbery convictions as two crimes of violence because they should have been considered to be consolidated judgments. We have reviewed these pro se claims and find them to be without merit. The presentence report properly informed the court of Johnson's prior federal time credited prior to resentencing on the federal offense and the court was not required to grant credit for the expired state sentence that Johnson served before being transferred to federal custody. The qualifying predicate crimes of violence were separate judgments and not consolidated. Thus, the pro se claims have no merit.

Our review of the record reveals that Johnson's sentence is reasonable. The district court properly calculated Johnson's Guidelines range and sentenced him within the advisory Guidelines range and the applicable statutory maximum. The court considered the parties' arguments in sentencing Johnson and articulated a reasoned basis for the sentence it imposed, grounded in the 18 U.S.C. § 3553(a) factors. Further, Johnson fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence. *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Johnson's sentence imposed after resentencing. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*